Case 2:15-cv-00332   Document 21   Filed in TXSD on 11/27/15   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
November 27, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TED VILLANUEVA VASQUEZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-332 |
| | § | |
| N. VAZQUEZ, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM AND RECOMMENDATION

Petitioner is in the custody of the federal Bureau of Prisons ("BOP") and currently is incarcerated at the Federal Correctional Institution ("FCI") in Bastrop, Texas. Proceeding *pro se*, Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on July 30, 2015 (D.E. 1). Petitioner claims that he is entitled to credit on his federal sentence for time spent in state custody. Respondent filed a motion to dismiss on October 13, 2015 to which Petitioner responded on November 12, 2015 (D.E. 14, 16). For the reasons set forth below, it is recommended that Respondent's motion be granted and Petitioner's habeas corpus petition be denied.

### JURISDICTION

This court has federal question jurisdiction over this civil action filed pursuant to 28 U.S.C. § 2241 because at the time he filed it, Petitioner was incarcerated at the FCI in Three Rivers, located in the Corpus Christi Division of the Southern District of Texas. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (Section 2241 petition must be filed in the district of incarceration); *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990)(to

entertain § 2241 petition, district court must have jurisdiction over the prisoner or his custodian at the time the petition is filed); 28 U.S.C. § 1331.

## BACKGROUND

On March 28, 1991 Petitioner was arrested and charged with murder in Nueces County, Texas in Cause No. 91-CR-0584-H (Presentence Report, Att. 1 to Mot. to Dism., p. 3, ¶ 6; D.E. 19, p. 4). On January 8, 1992, Petitioner was indicted on three counts related to his possession of the firearm which he used in the murder. Count 1 charged him with being a felon in possession of a firearm; Count 2 charged him with making a false statement to obtain a firearm and Count 3 charged him with using a firearm in relation to a crime of violence (PSR, p. 2, ¶ 1; D.E. 19, p. 3). On March 26, 1992 Petitioner pleaded guilty to making false statements in acquisition of a firearm and the other counts were dropped (PSR, p. 2, ¶ 2; D.E. 19, p. 3).

On May 1, 1992 Petitioner was convicted on the murder charge and sentenced to a term of seventy-five years in TDCJ-CID (PSR, p. 3, ¶ 4, p. 7, ¶ 26; D.E. 19, pp. 3, 8). At the time Petitioner was arrested for murder, he was on probation for two earlier state court drug-related offenses. On May 4, 1992 probation was revoked in both of those cases and Petitioner was sentenced to two concurrent seven-year terms of imprisonment to be served consecutively to his seventy-five year sentence (PSR, pp. 5-6, ¶¶ 22-23; D.E. 19, pp. 6-7).

On June 8, 1992 Petitioner was temporarily transferred to federal custody to be sentenced on the firearm charges. Petitioner was sentenced to a sixty-month term of incarceration to run consecutively to the seventy-five year term he was assessed on the state court murder charge. The federal judgment did not mention the two concurrent seven-year terms or whether the federal sentence was to run concurrently with or consecutively to those terms (Judgment, Att. 4 to Mot. to Dism.; D.E. 19, pp. 26-27). On December 3, 1992 the United States Marshals Service filed a detainer with the TDCJ, indicating that upon his release from state custody, Petitioner was to be transferred to federal custody to begin serving the sixty-month sentence on the federal charges (Detainer, Ex. K to Pet's Brief; D.E. 2-1, pp. 13-14).

Petitioner was granted parole on the murder charge on October 1, 2012 and immediately began serving the concurrent seven-year terms for the drug offenses (Notice of Parole Decision, Ex. B to Pet's Brief; D.E. 2, p. 22). On April 23, 2014 Petitioner was granted parole on the seven-year sentences and transferred to the custody of the Bureau of Prisons to begin serving the federal sentence (Tracking Sys. Doc., Att. 5 to Mot. to Dism.; D.E. 19, p. 32).

On March 5, 2014 Petitioner moved the sentencing court to make a *nunc pro tunc* change to his sentence and order that his federal sentence be designated to run concurrently with his state court murder sentence (D.E. 22 in *United States v. Vasquez*, No. 2:92-cr-03 (S.D. Tex. 1992). Petitioner made no mention of the two seven-year sentences he was serving at the time he filed the request and did not ask to have the federal sentence run concurrently with them. The sentencing court denied the motion to

have the federal sentence designated as running concurrently with the murder sentence (D.E. 23 in *United States v. Vasquez*; located herein at D.E. 19, pp. 49-50).

Petitioner sought administrative relief from the BOP in the form of credit toward his federal sentence from October 1, 2012, the day he was paroled on the murder charge and began serving the drug-related charges. He was denied relief at all administrative levels.

Petitioner filed this habeas corpus cause of action on July 30, 2015 and argues that he is entitled to credit toward his federal sentence from October 1, 2012, the day he began serving the seven-year sentences. In his motion to dismiss, Respondent asserts that Petitioner is not entitled to the credit toward his federal sentence because the judgment in his federal case is silent with regard to the drug-related cases and because the time he served from October 1, 2012 until April 23, 2014 was credited toward the state court sentences.

## APPLICABLE LAW

A district court is without authority to give an inmate credit for time already served or to otherwise administer his sentence. Rather, that authority lies with the United States Attorney General and is delegated to the BOP. *United States v. Wilson*, 503 U.S. 229, 335 (1992); *United States v. Pineyro*, 112 F.3d 43, 45 (2nd Cir. 1997). Decisions of the BOP regarding sentence calculation are subject to judicial review under an abuse of discretion standard. *Barden v. Keohane*, 921 F.2d 476, 478 (5th Cir. 1990); *McCarthy v. Doe*, 146 F.3d 118, 123, n. 4 (2nd Cir. 1998).

Regarding the calculation of a term of imprisonment:

(a) Commencement of Sentence.–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served.

(b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585.

Petitioner received credit toward his seven-year state court sentences from October 1, 2012 through April 23, 2014, the day he was transferred to federal custody. The plain language of the statute indicates that petitioner is not entitled to the relief he seeks because the time he spent in state custody was credited against his state sentence. In addition, because the district court was silent regarding whether the federal sentence was to run concurrently or consecutively to the seven-year sentences, it runs consecutively. "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C.A. § 3584(a). Accordingly, it is recommended that Petitioner's request to have his federal sentence credited with time he spent in state custody be denied.

## RECOMMENDATION

It is respectfully recommended that Respondent's motion to dismiss (D.E. 14) be GRANTED. Petitioner's application for habeas corpus relief should be DENIED because he is not entitled to the relief he seeks.

Respectfully submitted this 27th day of November, 2015.

_____
**B. JANICE ELLINGTON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).